UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MARY SCOTT,

                                    Plaintiff,              CASE NO.
                                                                         05CV2373
      -against-

CUSHMAN & WAKEFIELD, INC                                  AFFIDAVIT OF SERVICE

                                    Defendant.

-----------------------------------------------------X

STATE OF NEW YORK, COUNTY OF NEW YORK.  ss:

    **Robert Vick**, being duly sworn, deposes and says that he is not a party to the above action, is over 18 years of age, and resides in **Brooklyn**, New York.

    On **February 24, 2005**, at approximately **5:00pm**, deponent served a **SUMMONS, COMPLAINT, RULE 7.1 AND CIVIL COVER SHEET**, in the above captioned action upon **Mr. Arthur J. Mirante II, President & Chief Executive Officer of Cushman & Wakefield**, at **51 West 52nd Street, New York, NY 10019**, by delivering a true and correct copy of said documents to **Kenneth Goldstein/Assistant Attorney**, who acknowledged that he was authorized to accept service on behalf of **Mr. Arthur J. Mirante II, President & Chief Executive Officer of Cushman & Wakefield**.

    **Mr. Goldstein's** approximate physical description is:

| | |
|---|---|
| RACE | :WHITE |
| SEX | :MALE |
| HAIR | :BLACK |
| EYES | :DARK |
| HEIGHT | :5'9" |
| WEIGHT | :185 LBS |
| AGE | :35 |

                                                                  _____
                                                                     Robert Vick

Sworn to Before Me this

25th day of February, 2005.

_____
    NOTARY PUBLIC

Joseph60

RINA I. RAMOS, Notary Public
State of New York No. 01RA6002465
Qualified in Queens County
Certified in Queens County
Commission Expires Feb. 9, 2006

# United States District Court

_____ DISTRICT OF _____ NEW YORK

ECF CASE

MARY SCOTT,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

Cushman & Wakefield, Inc.

**05 CV 2373**

TO: (Name and address of defendant)

Mr. Arthur J. Mirante II, President & Chief Executive Officer
Cushman & Wakefield
51 West 52nd Street
New York, NY 10019

JUDGE JONES

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                      FEB 2 4 2005
CLERK                                                    DATE

_[signature]_
(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
                    Date                                          Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

DISTRICT OF _____ New York

**ECF CASE**

MARY SCOTT,

**SUMMONS IN A CIVIL CASE**

V.

Cushman & Wakefield, Inc.

CASE NUMBER:

**05 CV 2373**

JUDGE JONES

TO: (Name and address of defendant)

Mr. Arthur J. Mirante II, President & Chief Executive Officer
Cushman & Wakefield
51 West 52nd Street
New York, NY 10019

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

*Jessica Doss* (signature)

(BY) DEPUTY CLERK

FEB 2 4 2005

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant. Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                                                                    Signature of Server

_____
Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JOSEPH & HERZFELD LLP
Charles Joseph (CJ 9442)
757 Third Avenue
New York, New York 10017
(212) 688-5640
(212) 688-2548 (Fax)

Attorneys for Plaintiff
Anthony Mary Scott

**05 CV 2373**

*JUDGE JONES*

*RECEIVED FEB 2 4 2005 U.S.D.C. S.D.N.Y. CASHIERS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MARY SCOTT,

             Plaintiff

    -against-

Cushman & Wakefield, Inc.

             Defendant

----------------------------------------------------------x

Index No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Mary Scott, by her counsel Joseph & Herzfeld LLP, alleges as follows:

### PRELIMINARY STATEMENT

1. This is a proceeding for declaratory and injunctive relief, as well as monetary damages, to redress the deprivation of rights secured to plaintiff by the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA"), and violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* and the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq.*

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. §§

1331, 1337 and 1343 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). This court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state claims because those claims derive from a common nucleus of operative fact.

2. Venue is properly in this district because Defendant's principal office is maintained in this district and because a substantial part of events giving rise to these claims occurred in this district.

## PARTIES

3. Plaintiff has been a resident of New York City at all relevant times.

4. Upon information, Cushman & Wakefield, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business located in the State and County of New York.

## FACTS

5. Plaintiff began her employment with Defendant in about November 1997.

6. Plaintiff worked as a secretary, and at all times her performance was at least satisfactory.

*FMLA Violations*

7. On September 29, 2003, Plaintiff began having chest pains and was advised to go to the hospital by a medical professional. Prior to leaving work for the hospital, Plaintiff told James Whelan, Defendant's General Manager of its 11 Madison Avenue site, that she was having chest pains and sought permission to leave work and go to hospital (her direct supervisor Raymond Reilly, Defendant's Property Manager at its

11 Madison Avenue site, was not in the office on that day). Mr. Whelan expressed concern and asked her whether she needed an ambulance (which she did not). Plaintiff was admitted to Brooklyn State University Hospital shortly thereafter.

8. After she had been admitted to the hospital, Plaintiff called Mr. Whelan and informed him that she would be staying overnight at the hospital and that she would be unable to work until October 6, 2003, as per her doctor's orders. Mr. Whelan's only request was that Plaintiff bring a doctor's note when she returned to work.

9. When Plaintiff returned to work on October 6, 2003, she was terminated. Mr. Whelan and Mr. Reilly informed Plaintiff that it was because she had exceeded her sick day allotment. During her termination meeting, she gave Mr. Whelan and Mr. Reilley her doctor's note.

*FLSA Violations*

10. Plaintiff was a non-exempt employee paid at an hourly rate.

11. Throughout her employment with Defendant, Plaintiff regularly worked about five hours in excess of forty per week ("overtime").

12. Defendant knew that Plaintiff was working overtime each week, and kept records of Plaintiff's hours.

13. Defendant failed to pay Plaintiff any compensation for her hours in excess of forty.

### FIRST CLAIM FOR RELIEF
### (Violation of the FMLA)

14. Plaintiff repeats, incorporates and realleges each and every allegation in the preceding paragraphs as though fully set forth herein.

15. At all relevant times, Defendant was an employer within the meaning of

the FMLA, employing fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar years and employing at least fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite. At all relevant times, Defendant was in engaged commerce or in an industry or activity affecting commerce.

16. At all times relevant to this action, Plaintiff was an eligible employee under the FMLA.

17. Plaintiff suffered from a serious health condition that rendered her unable to perform the functions of her position of employment with Defendant.

18. Plaintiff took leave from work pursuant to the FMLA from September 29, 2003 until October 5, 2003.

19. Plaintiff's leave from work in September and October 2003 was medically necessary.

20. Plaintiff's leave from work in September and October 2003 was not foreseeable.

21. Plaintiff provided notice to Defendants of the necessity for leave as soon as was practicable.

22. As a direct result of Plaintiff's FMLA leave, she was terminated.

23. Defendant's interfered with Plaintiff's FMLA rights.

24. Defendant unlawfully discharged and otherwise discriminated against Plaintiff for opposing Defendants' unlawful practices.

25. Defendants have and continue to act willfully, knowingly and/or recklessly with conscious disregard and intent to interfere with and deny Plaintiff's right

under the FMLA.

26. Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the FMLA and are thereby liable to Plaintiff for liquidated damages under the FMLA.

27. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer substantial economic damage and loss, including loss of past and future wages, salary, employment benefits and other compensation, and compensatory damages for, *inter alia*, mental anguish, anxiety, emotional distress, pain and suffering and humiliation.

## SECOND CLAIM FOR RELIEF
### (Fair Labor Standards Act)

28. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

29. At all times relevant, Defendant was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00.

30. At all times relevant, Defendant knowingly and willfully failed to compensate Plaintiff overtime pay at a rate of one and one-half times her regular hourly rate for hours in excess of 40 per week.

31. Upon information and belief, at all times relevant, Defendant knowingly and willfully failed to preserve records required by the FLSA with respect to Plaintiff, including records sufficient to determine the wages, hours, and other conditions and practices of employment pertaining to Plaintiff.

32. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs of action to be paid by Defendants, and such other legal and equitable relief as the court deems just and proper.

### THIRD CLAIM FOR RELIEF
(New York Labor Law)

33. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

34. At all times relevant, Defendant was an employer within the meaning of the New York Labor Law §§ 2 and 651.

35. Defendant willfully and knowingly violated Plaintiff's rights by failing to pay her overtime compensation at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of forty hours in a workweek.

36. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant her unpaid overtime wages, reasonable attorneys' fees, and costs of the action, pursuant to New York Labor Law § 663(1).

### PRAYER FOR RELIEF

a) A declaratory judgment that the practices complained of herein are unlawful under the FMLA, FLSA and the New York Labor Law;

b) An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

c) Penalties under the applicable law;

d) Front pay under the FMLA in an amount to be proven at trial, to the extent that reinstatement is not feasible;

e) Reasonable attorneys' fees, reasonable expert witness fees and other costs of this action;

f) Pre-Judgment and Post-Judgment interest, as provided by law;

g) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims so triable.

Dated:    New York, NY
          February 24, 2005

                                        Respectfully submitted,

                                        *[signature]*

                                        Charles Joseph (CJ 9442)
                                        JOSEPH & HERZFELD LLP
                                        757 Third Avenue
                                        New York, New York 10017
                                        (212) 688-5640
                                        (212) 688-2548 (Fax)

                                        Attorneys for Plaintiff
                                        Mary Scott

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

MARY SCOTT,                                              :     **Rule 7.1 Statement**
                                                         :
                                         Plaintiff       :     Index No.: _____
                                                         :
               -against-                                 :     **Date filed:** _____
                                                         :
Cushman & Wakefield, Inc.                                :
                                                         :
                                         Defendant       :
                                                         :
-------------------------------------------------------------- x

Rule 7.1     Disclosure Statement

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for ___Marry Scott___ (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

Date: ___02/24/05___                         _____
                                             Signature of Attorney

                                             Attorney Bar Code: CJ-9442